IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN W. MOORE,

            Plaintiff,                                    ORDER

    v.                                                    11-cv-304-bbc

WIS. DEPT. OF ADMINISTRATION,
SECRETARY OF ADMINISTRATION
HON. MIKE HUEBSCH,
WIS. HIST. SOC. REF.
and RICHARD L PIFER,

            Defendants.

---

    This is a proposed civil action filed by plaintiff John W. Moore. Plaintiff has asked for leave to proceed in forma pauperis and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

    In this case, plaintiff's annual income is $3000. Because plaintiff's income is less than $16,000, he can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  However, because plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).

Accordingly, IT IS ORDERED that plaintiff's complaint is taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915 to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  Plaintiff will be notified promptly when such a decision has been made.  In the meantime, if plaintiff needs to communicate with the court about this case, he should be sure to write the case number shown above on his communication.

Entered this 28th day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge