IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN W. MOORE,

                                                          ORDER

                 Plaintiff,

                                                   11-cv-304-bbc

      v.

WISCONSIN DEPARTMENT OF ADMINISTRATION,
HON. MIKE HUEBSCH, Secretary of Administration,
WISCONSIN HISTORICAL SOCIETY REFERENCE
and RICHARD L. PIFER,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for injunctive relief, plaintiff John Moore contends that he has been barred from entering the Wisconsin Historical Society building to use its computers or library, in violation of his rights under federal and state law. Plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915, and does not have the means to make an initial partial payment.

Because plaintiff is proceeding in forma pauperis, I must screen his complaint and dismiss it if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money

1

damages. 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint, I conclude that plaintiff has failed to state a claim upon which leave may be granted. Therefore, I will dismiss his complaint.

DISCUSSION

Plaintiff contends that defendants have suspended his library privileges at the Wisconsin Historical Society in violation of the depository library program, 44 U.S.C. §§ 1901-1916, his constitutional right to due process and Wisconsin's laws of administrative procedure. He alleges very few facts in his complaint, saying only that the Wisconsin Historical Society has barred him from using its library or computer services without providing him a hearing or any process. The attachments to plaintiff's complaint shed a little more light on the relevant facts. He attaches a letter dated December 17, 2007 from defendant Richard Pifer, the director of Reference and Public Services at the Wisconsin Historical Society, in which Pifer tells plaintiff that his library privileges at the Wisconsin Historical Society are being suspended as a result of plaintiff's use of the library computers to view inappropriate materials. Dkt. #1-3. After one year, plaintiff may request readmittance by assuring Pifer in writing that he would change his behavior. Id. In the letter, Pifer says that plaintiff had been warned on multiple occasions about inappropriate computer usage.

2

Also attached to plaintiff's complaint is a letter from defendant Pifer dated March 30, 2011, in which Pifer says that plaintiff was in the Historical Society Library Reading Room in violation of the suspension of his library privileges that occurred in 2007. Dkt. #1-4. The letter states that plaintiff has never submitted a written request for reinstatement of his library privileges and hat he must do so before he may visit the Historical Society building. Id.

These facts do not state a claim for violation of plaintiff's rights under the depository library program or the due process clause. Section 1911 of Title 44 of the United States Code provides that "[d]epository libraries shall make Government publications available for the free use of the general public." Assuming that the Wisconsin Historical Society is a depository library governed by this statute, there is no indication that § 1911 provides plaintiff a private cause of action. I have found no court that has held that violation of § 1911 allows a plaintiff to seek relief in a district court. McSmith v. Loyola University, 2007 WL 4413248, *1 (E.D. La. Dec. 12, 2007) (holding that § 1911 does not create private cause of action). Additionally, the relatively few courts that have considered the statute have concluded that even if a plaintiff can assert a claim under the statute, the statute allows libraries the ability to place reasonable restrictions on access to the premises and to all non-governmental documents, despite their status as federal depository libraries. Smith v. United States, 2007 WL 2007995, *3 (E.D. La. July 5, 2007) (holding that refusing access to

3

government documents during restricted hours did not violate federal law); <u>Carroll v. Temple University</u>, 1995 WL 3279977, *5-6 (E.D. Pa. May 31, 1995) (federal depository program does not require depository libraries to provide unlimited public access or access to non-public documents); <u>Commonwealth v. Downing</u>, 511 A.2d 792, 795 (Pa. 1986) (affirming right of federal depository library to restrict access to students during specific times of year).

In this case, even assuming 44 U.S.C. § 1911 creates a private cause of action, plaintiff's allegations would not state a claim under the statute. The December 17, 2007 letter from defendant Pifer states specifically that if plaintiff "need[s] resources from the depository collection, we can make accommodations to provide you with specific depository materials upon your written request." Dkt. #1-3. Plaintiff alleges only that he was denied access to the Wisconsin Historical Society library. He does not say that he has requested and been denied access to government documents or even that he wishes to view government documents. Thus, there is nothing about plaintiff's allegations that would allow the drawing of an inference that defendants have violated the federal depository library program.

Additionally, plaintiff has not stated a claim for violation of his right to procedural due process. A procedural due process violation occurs under the Fourteenth Amendment when a state actor deprives an individual of a constitutionally protected interest in "life, liberty, or property" without providing adequate process. Therefore, a due process analysis involves a two-step inquiry: (1) whether the defendants deprived the plaintiff of a

4

constitutionally protected liberty or property interest; and (2) if so, whether that deprivation occurred without due process of law. Doe v. Heck, 327 F.3d 492, 526 (7th Cir. 2003) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990); Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 616 (7th Cir. 2002)).

Plaintiff's allegations do not suggest that he has any property interest in gaining access to the Wisconsin Historical Society's library. Moreover, even if state or federal law gave plaintiff a liberty interest in retaining his access to the Wisconsin Historical Society library, it is not clear what process plaintiff believes he was owed. Plaintiff says that he should have been granted a hearing before his privileges were suspended, but he does not allege that his privileges were suspended on the basis of false accusations that he did not have the opportunity to refute, that he was banned on the basis of an invalid or vague policy, that he was banned without warning or that he has been denied an opportunity to seek readmittance to the library. Thus, a hearing would serve no purpose. Accordingly, plaintiff's allegations do not support a claim for violation of his right to due process.

Because I am dismissing all of plaintiff's federal claims, I will not exercise jurisdiction over his state law claims. Therefore, I will dismiss plaintiff's complaint in its entirety.

ORDER

5

IT IS ORDERED that plaintiff John W. Moore's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

Entered this 18th day of May, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge